IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HEATHER GUNN**, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 8:24-CV-0053-AAQ |
| **JPMORGAN CHASE BANK, N.A.** , | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION FOR RECONSIDERATION OF
<u>OCTOBER 9, 2024 MEMORANDUM OPINION AND ORDER</u>**

Defendant JPMorgan Chase Bank, N.A. ("**Chase**"), through its undersigned counsel and pursuant to Rules 54(b) and 59(e), hereby moves for reconsideration of this Court's October 9, 2024 Memorandum Opinion and Order (ECF No. 36) (the "**Opinion**").

**INTRODUCTION**

The Opinion is marked by a clear error of law and should be vacated. Specifically, the Opinion misapprehends the merger doctrine and the legal effect of the merger of Plaintiff's earlier credit card debt to Chase into the consent judgment entered against Plaintiff by the District Court of Maryland for Montgomery County. And despite recognizing that the Opinion properly considers the existence of the judgment at the motion to dismiss stage, it nevertheless fails to appreciate the judgment's legal effect. *See Romo v. Wells Fargo Bank, N.A*., 2016 WL 324286, at \*3 (N.D. Cal. Jan. 27, 2016) (taking judicial notice of existence and *legal effect* of judgments in related case when deciding motion to dismiss); *see also Hart v. Select Portfolio Servicing, Inc.,* 2023 WL 7107277, at \*2 n.4 (C.D. Cal. Sept. 27, 2023) (granting request to take judicial notice of the existence and *legal effect* of consent judgment and citing Fed. R. Evid. 201 for support). That

is, the very existence of the judgment means that by operation of law, the debt no longer exists. Consequently, the Opinion's conclusion that there is a "factual question of whether Ms. Gunn's monthly payments go towards the credit card debt or the consent judgment" (ECF No. 36 at 13) is legally incorrect: the only obligation that now exists is the judgment.  What is more, the ~~Court's~~ reliance on *Chaitoff v. Experian Info. Sols., Inc.*, is also in error.  79 F.4th 800 (7th Cir. 2023). Unlike the instant case, *Chaitoff* did not deal with a situation where the underlying debt merged into a judgment (which extinguished the debt) but rather with a payment plan on an existing loan, where no judgment existed.  Because the Opinion's reasoning is clearly erroneous, and because that flawed reasoning led to an incorrect conclusion that the Amended Complaint states a plausible FCRA claim, the Opinion should be vacated and Chase's Motion to Dismiss should be granted.

## STANDARD OF REVIEW

"Although the precise standard governing a motion for reconsideration of an interlocutory order is unclear, the [] Fourth Circuit has articulated that Rule 54(b) motions 'are not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" *Direct Benefits, LLC v. TAC Fin., Inc.*, RDB-13-1185, 2019 WL 3804513, at *3 (D. Md. Aug. 13, 2019) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)).  "Courts frequently look to the standards set forth in Rules 59(e) and 60(b) for guidance when considering Rule 54(b) motions for reconsideration." *Id*.  "Resolution of the motion is "committed to the discretion of the district court, and '**the goal is to reach the correct judgment under law**.'" *In re Sinclair Broad. Grp., Inc. Sec. Litig.*, 473 F. Supp. 3d 529, 534–35 (D. Md. 2020) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013)) (emphasis added).  "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or **whether the court has 'obviously**

2

**misapprehended a party's position or the facts or applicable law**.'" *Id.* (emphasis added). *See also Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) ("Rule 59(e) motions [for reconsideration] can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence...; or (3) **to correct a clear error of law** or prevent manifest injustice.") (quotation omitted) (emphasis added).

## ARGUMENT

### I. <u>The Merger Doctrine Is Black-Letter Law; the Opinion Misapprehends This Doctrine</u>.

Chase's Motion to Dismiss explains that Plaintiff's allegations regarding her "new payment agreement" with Chase are misleading and inaccurate because, under the merger doctrine, "these payments are being made to satisfy the consent judgment—not the underlying credit card debt." (ECF No. 13-1 at 6-7). Chase's Motion cites both a century-old decision of the United States Supreme Court and a more recent decision of the Appellate Court of Maryland as legal authorities setting forth the merger doctrine. (*Id.* at 7) (quoting *Wabash R. Co. v. Tourville*, 179 U.S. 322, 326 (1900) ("One of the effects of that judgment was to merge the cause of action, the debt sued for, in the judgment.") and *Accubid Excavation, Inc. v. Kennedy Contractors, Inc.*, 188 Md. App. 214, 232–33 (2009) ("Maryland's appellate courts have recognized that, under the rule of merger, a simple contract is merged in a judgment or decree rendered upon it...") (internal quotation omitted). There can be no question that Chase properly raised the merger doctrine in its Motion to Dismiss, and that the merger doctrine applies to the situation at bar.[1]

Notwithstanding, the Opinion takes a legally incorrect view of the merger doctrine:

> Accordingly, even if, as a technical matter, the judgment turned what had previously been debt on the credit card account into debt on the judgment, Chase must provide CRAs information regarding **payments Ms. Gunn had made**

---

[1] For a further explanation of the merger doctrine, *see* 30 Williston on Contracts § 76:50 (4th ed.), Merger by judgment or bond. As Williston explains: "Where an obligation arising under a contract is reduced to judgment…, the original obligation is by operation of law extinguished and merged in the new obligation."

3

> *on the debt*.  Even if **Ms. Gunn's debt** is no longer officially "credit card debt," it continues to impact Ms. Gunn as a practical matter insofar as it appears on Ms. Gunn's CRA and she is required to make payments towards it.

(ECF No. 36 at 14) (emphasis and underline added).  These statements are factually and legally incorrect because they misapprehend the legal effect of the entry of the judgment: the extinction of the debt.  In fact, by operation of the merger doctrine, Ms. Gunn's payments were not and could not have been made "on the debt."  Rather, by operation of the merger doctrine, "Ms. Gunn's debt" no longer exists at all—and she is not "required to make payments towards it."  Instead, she is making payments *on the judgment* in exchange for enjoying Chase's *forbearance* from executing on and enforcing that judgment.[2]

The Opinion's misunderstanding of the merger doctrine is not harmless, but cuts to the very core of the decision.  Indeed, the supposed factual dispute described in the Opinion creates an entirely false dichotomy; because the debt no longer exists as a matter of law, there can be no "factual question of whether Ms. Gunn's monthly payments go towards the credit card debt or the consent judgment." (ECF No. 36 at 13).  The payments necessarily are made toward the judgment, which is the only obligation that continues to exist.

Because the Opinion's application of the merger doctrine was clearly erroneous, and because that error underpins the incorrect conclusion that the Amended Complaint plausibly alleges an FCRA violation, the Opinion should be vacated and Chase's Motion to Dismiss should be granted.[3]

---

[2] To further illustrate the point, one need only consider what Chase's remedy would be if Ms. Gunn were to fail to make payments under the payment plan.  Chase could not file a new lawsuit, as the judgment already has been entered.  There is no new "claim".  Rather, Chase's remedy would be to employ post-judgment enforcement techniques such as writs of garnishments and similar orders.  These remedies would not be available if the credit card debt continued to exist and remained outstanding.

[3] Notably, the foregoing explanation of the merger doctrine does not require the Court to consider anything beyond what the Opinion states is properly considered on a motion to dismiss—that is, the *existence* "of the 2022 litigation and consent judgment."  *See* ECF No. 36 at 7.  Critically, it is the very *existence* of the

## II. *Chaitoff* Is Not Analogous Because the Underlying Debt There Was Not Extinguished.

The Opinion's misunderstanding of the merger doctrine again manifests itself in its reliance on the Seventh Circuit's decision in *Chaitoff*. That case dealt with an FCRA claim brought by a borrower who complained that the furnisher was inaccurately reporting his home mortgage debt following his entry into a loan modification agreement. As the Opinion explains:

> There, a CRA omitted from plaintiff's credit report the fact that he had entered into an agreement with his mortgage lender "that allowed him to make lower payments" for a trial period. *Id.* at 808. If he complied with the plan, "his account would be brought current . . . [and] he would no longer be delinquent."

(ECF No. 36 at 12). The difference between *Chaitoff* and the instant case is manifest—and directly related to the effect of the merger doctrine. Specifically, the underlying debt in *Chaitoff* was never extinguished by the entry of a judgment. Instead, the agreement governing the repayment of the debt merely was modified to allow the borrower to make lower monthly payments. All of the borrower's payments were made on the very same debt—a debt that continued to exist even after the loan modification was approved. In this case, by contrast, the underlying debt was fully extinguished upon the entry of the consent judgment (by operation of the merger doctrine). *Chaitoff*, therefore, is wholly inapposite to the case at bar. The mere fact that each case involved a "payment plan" does not make the two cases analogous.

Nor, relatedly, is there any credence to the Opinion's criticism of Chase for not explaining "why a bank would have an obligation to notify CRAs of payments made pursuant to a payment plan, as made clear in *Chaitoff*, but not payments made ***on the same debt pursuant to a judgment***." (ECF No. 36 at 15). This statement is legally erroneous and again evidences a misunderstanding of the merger doctrine, the effect of the judgment and the fact Ms. Gunn's current payments thus

---

consent judgment that establishes the fact that the debt no longer exists. This is the result and legal effect of the merger doctrine. Given that the Opinion correctly acknowledges that the existence of the judgment is properly considered on a motion to dismiss, its failure to accord the judgment its legal effect is in error.

are not "***on the same debt***," but, rather, are payments ***on the judgment***. The Opinion's rejection of this black letter law distinction underpins its erroneous comparison of this case with *Chaitoff* and the entirely distinct payment plan at issue there.

In sum, had the Opinion properly applied the merger doctrine, it would have recognized that *Chaitoff* is entirely distinguishable and does not support the ~~Court's~~ conclusion that the Amended Complaint plausibly alleges a violation of the FCRA.

## CONCLUSION

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that:

1. Chase's Motion for Reconsideration be GRANTED;
2. The Court's October 9 Memorandum Opinion and Order be VACATED;
3. Chase's Motion to Dismiss be GRANTED; and that
4. This Court GRANT Chase such other and further relief as is appropriate in the circumstances.

A proposed Order follows.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet, Esq. (Fed. Bar 13821)
Michael B. Brown, Esq. (Fed. Bar 19641)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410-727-6464
bmoffet@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2024, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF system.

*/s/ Brian L. Moffet*
Brian L. Moffet
