IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HEATHER GUNN,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

        Defendant.

Case No. 8:24-cv-00053-TDC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONIAL AND DOCUMENTARY EVIDENCE FROM OR
CONCERNING NON-PARTY ROBERT HALL**

    COMES NOW, the Plaintiff, Heather Gunn, by undersign counsel, files her Opposition to Defendant's Motion in Limine to Exclude Testimonial and Documentary Evidence from or concerning non-party Robert Hall, and in support thereof, he states as follows:

    1.    "A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Tserkis v. Baltimore Cnty.*, 2021 WL 195310, at *6 (D. Md. Jan. 19, 2021) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "Motions in limine help to streamline a case, because such motions 'enable[ ] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.' " *Id*., (quoting *INSLAW, Inc. v. United States,* 35 Fed. Cl. 63, 65-66 (1996) (citation omitted)). They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " *Dorman v. Anne Arundel Medical Center*, 2018 WL 2431859, at *1 (D. Md. May 30, 2018)

    2.    "A motion in limine to exclude evidence ... should be granted only when the evidence is clearly inadmissible on all potential grounds." *Id*., (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 681 (E.D. Va. 2017) (citations omitted). "A motion in limine is timely only after

dispositive motions have been resolved and the case has been scheduled for trial." *Burnett v. BJ's Wholesale Club*, 722 F.Supp.3d 566, 581 (D. Md. 2024) (quoting *Jha v. XCube Rsch. & Dev., Inc.*, Civ. No. 8:18-00364-PX, 2018 WL 4538552, at *2 (D. Md. Sept. 20, 2018))

3. Defendant has filed the Motion *In Limine* to exclude evidence from or concerning Mr. Hall on the grounds that a party that fails to disclose evidence should be precluded from using such evidence. *See* ECF 84 at 4. However, as admitted by the Defendant, the Plaintiff did not fail to disclose any evidence. *Id*. at 1 ("Plaintiff's answer to Chase's Interrogatory No. 1 identifies Hall as a person with knowledge regarding "Plaintiff's emotional distress".)

4. Further, the Defendant has not argued, much less established that "the evidence is clearly inadmissible on all potential grounds." *Dorman*, 2018 WL 2431859, at *1 ("A motion in limine to exclude evidence ... should **be granted _only_ when** the evidence is clearly inadmissible on all potential grounds.") (emphasis supplied). Without such a showing from the Defendant, there is no cause to grant Defendant' motion.

5. Moreover, a motion *in limine* should **_only_** be considered "after dispositive motions have been resolved and the case has been scheduled for trial." *Burnett*, 722 F.Supp.3d at 581 ("A motion in limine **is *timely _only_ after* dispositive motions** have been resolved and the case has been scheduled for trial.") (emphasis supplied). Not only have dispositive motions not been resolved, but they are not scheduled to be *briefed* until January 13, 2026. Therefore, Defendant's motion *in limine* is plainly premature. *Id*. (the motion "is timely only after dispositive motions have been resolved…")

6. Indeed, courts routinely deny motions in limine when they untimely filed prior to the scheduling of a trial. *See e.g., Meyler v. Mayor and City Council of Ocean City*, 736 F.Supp.3d 272, 296 (D. Md. 2024) ("Defendants' Motion in Limine seeks to have the Court exclude the testimony of Meyler's proffered psychiatry expert, Dr. Theodore C. Osuala, from

2

trial. This Motion will be denied as premature, since Meyler has not relied on Dr. Osuala's testimony in his summary judgment briefing, and motions in limine are generally ripe only after dispositive motions have been decided and the case has been scheduled for trial.") (citing *Burnett*, 722 F.Supp.3d at 580-82).

7.  In support of its untimely motion *in limine* the Defendant relies on Nagy, which is a case from 1999 with material different facts. In *Nagy*, the court granted a premature motion *in limine* because the credibility of the witness' testimony was the most important evidence in the case, the witness was represented by counsel, the witness refused to be deposed, and the "odious behavior of [Plaintiff's] counsel." *Nagy v. Baltimore Life Ins. Co.*, 49 F. Supp. 2d 822, 827 (D. Md. 1999),

8.  Here, the witness, Mr. Robert Hall, is not represented by Plaintiff's counsel. Nor does this case turn on the credibility of Mr. Hall's testimony. Further, Plaintiff's counsel has not contributed in any way to Defendant's inability to depose the witness. Moreover, Mr. Hall has not refused to be deposed. Rather, Mr. Hall has informed Defendant that his failure to appear was due to an error and that he remained ready and willing to appear for a rescheduled deposition.

> Ms. Diaz,
>
> Just wanted to let you know that my missing the deposition the other day was completely inadvertent and that I fully intended to participate. I had cleared my schedule and mentioned to multiple parties that I was going to a deposition on the 4th because that was my understanding. I am dealing with multiple personal issues including a home under contract, my own legal battles, running multiple businesses, and a recent death in the family. I simply got turned around on the dates. I remain willing to be deposed by whatever reasonable means that is available. Whether by phone or other electronic means or, of course, in person.
>
> Respectfully,
>
> Rob Hall

Exhibit A - 11/6/2025 Email from Mr. Hall to Defendant's attorney

WHEREFORE, for the foregoing reasons, Plaintiff, Heather Gunn, respectfully requests that this Honorable Court deny Defendant JPMorgan Chase Bank, N.A.'s Motion in Limine to Exclude Testimonial and Documentary Evidence from or concerning non-party Robert Hall.

Respectfully submitted,

*/s/ Jeffery W. Styles*
Jeffery W. Styles, Esq. (20659)
Washington Legal Group, LLC
1001 Connecticut Ave NW #1138
Washington, D.C. 20036
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com

*Counsel for Plaintiff Heather Gunn*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, I caused to be served a copy of the foregoing to be electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffery W. Styles*
Jeffery W. Styles, Esq. (20659)
Washington Legal Group, LLC
1001 Connecticut Ave NW #1138
Washington, D.C. 20036
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com